

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KEVIN LEON SMITH,**

    Plaintiff,

v.                                                 Civil Action No. **3:13CV638**

**ALBERT FARGO,** *et al.,*

    Defendants.

### MEMORANDUM OPINION

Kevin Leon Smith, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] By Memorandum Order entered October 15, 2014, the Court directed Smith to file a particularized complaint because "Plaintiff's current allegations fail[ed] to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests." (ECF No. 13, at 1 (citation omitted).) Smith filed a Particularized Complaint that partially corrects the deficiency identified by the Magistrate Judge. ("Complaint," ECF No. 15.) Smith contends that, *inter alia*, Defendants Fargo, Milewczik, and Lightfoot, officers with the Chesapeake Police Department ("Defendants") unlawfully searched and detained him. Defendants have moved to dismiss the Complaint. For the reasons stated below, the Court will GRANT IN PART and DENY IN PART the Motion to Dismiss.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

## I. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.*

*DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

The sum of Smith's allegations is as follows:[2]

> 1.) On December 8th, 2012, I was detained in the back of a police car by police officers Albert Fargo, Joseph Milewczik, and Jason Lightfoot, for over (6) hours in the Lowe's parking lot in Chesapeake. I was denied water and use of the restroom.
> 2.) Albert Fargo took my cellphone and went through (looked, viewed names [and] numbers) and then made various phone calls from my phone. He also took $656.00 from off my person[ ] and didn't inventory the money or give me a receipt for my money that was took out [of] my pocket. My cell phone was never inventoried on my personal property sheet.
> CONSTITUTIONAL VIOLATIONS
> a) In section (#1), Albert Fargo, Joseph Milewczik, and Jason Lightfoot all neglected me, when they refused to give me water and use the restroom. Also for unlawful detainment, when I was handcuffed and seated in the back of the police cruiser for over (6) hours, before I was taken to the police station to be booked on any charge.
> b) In section (#2), Officer Albert Fargo did an unlawful search of my cellphone, without a valid search warrant. That was a violation of my privacy. Mr. Fargo took ($656.00) from me without writing me a receipt for my money or my cellphone. This was a theft and an abuse of power.

(Compl. 1–2.) Smith demands monetary damages. (*Id.* at 2.)

---

[2] The Court corrects the capitalization, spelling, and punctuation in quotations from Smith's submissions.

3

Smith fails to identify a constitutional right that he believes Defendants violated by their conduct.[3] Nevertheless, the Court generously construes Smith to raise the following claims for relief:

Claim One: Defendants unlawfully detained Smith in violation of the Fourteenth Amendment.[4]

Claim Two: Defendant Fargo violated Smith's rights under the Fourth Amendment[5] by searching his phone without a warrant.[6]

Claim Three: Defendants violated Smith's Fourteenth Amendment rights by detaining him for six hours without permitting him water or use of the bathroom.

### III. ANALYSIS

#### A. Fourth Amendment

In Claim Two, Smith argues that Officer Fargo unlawfully searched his cell phone without a warrant in violation of the Fourth Amendment. Smith alleges that while Smith was detained, Defendant Fargo "took his cell phone and went through (looked, viewed, names & numbers) and then made various phone calls from [Smith's] phone." (Compl. 1.) The Fourth

---

[3] Smith fails to explain how his allegations against Defendant Fargo of "theft and an abuse of power" for taking money and his cell phone and a "violation of my privacy" state a claim of constitutional dimension. (Compl. 2.) These allegations will be SUMMARILY DISMISSED.

[4] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[5] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." U.S. Const. amend IV.

[6] Although Smith fails to specifically invoke the Fourth Amendment, his reference to Defendants' failure to obtain a search warrant to search his cell phone calls to mind that amendment. *Cf. Martin v. Gentile*, 849 F.2d 863, 867–68 (4th Cir. 1988) (observing that facts pled by *pro se* plaintiff were sufficient to make out a cognizable claim despite "no specific reference" to appropriate constitutional amendment (citing *Haines v. Kerner*, 404 U.S. 519 (1972))).

Amendment protects individuals "against unreasonable searches and seizures." U.S. Const. amend. IV. "Where a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, . . . [the Fourth Amendment] generally requires the obtaining of a judicial warrant." *Riley v. California*, 134 S. Ct. 2473, 2482 (2014) (omission in original) (citation omitted) (internal quotation marks omitted). "In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." *Id.* (citation omitted).

One well-recognized exception to the warrant requirement is a search incident to a lawful arrest, wherein an officer may search "the arrestee's person and the area 'within his immediate control.'" *United States v. Currence*, 446 F.3d 554, 556 (4th Cir. 2006) (quoting *Chimel v. California*, 395 U.S. 752, 763 (1969)). However, not every search "is acceptable solely because a person is in custody." *Maryland v. King*, 133 S. Ct. 1958, 1979 (2013). The Supreme Court has recently held that "the search incident to arrest exception does not apply to cell phones" and "a warrant is generally required before such a search." *Riley*, 134 S. Ct. at 2493–94. Smith alleges that no warrant was obtained prior to Defendant Fargo's search of his cell phone. Accordingly, Smith has adequately alleged a Fourth Amendment claim of an illegal search of his cell phone without a warrant.

Officer Fargo argues that he is entitled to qualified immunity for any search and seizure of Smith's cell phone. "When qualified immunity is asserted, the reviewing court should usually first ask whether the right was violated on the facts alleged, and then determine whether that right was 'clearly established.'" *LeSueur–Richmond Slate Corp. v. Fehrer*, 666 F.3d 261, 264 (4th Cir. 2012) (citing *Smith v. Smith*, 589 F.3d 736, 739 (4th Cir. 2009)); *see Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (first alteration in original) ("[W]e conclude that, while the sequence set forth [in *Saucier v. Katz*, 553 U.S. 194 (2001)] is often appropriate, it should no longer be regarded as mandatory."). Defendant Fargo's assertion of qualified immunity is

limited to a recitation of the general jurisprudence governing qualified immunity, one case citation,[7] and an acknowledgment that warrant exceptions for cell phones "'is an open question.'" (Mem. Supp. Mot. Dismiss 5 (citation omitted)).

Smith has adequately alleged a Fourth Amendment claim of an illegal search of his cell phone without a warrant. Furthermore, in light of the inadequacy of the briefing described above, Officer Fargo fails to demonstrate that the right was not clearly established. *See Allen v. City of Fredericksburg*, No. 3:09CV63, 2011 WL 782039, at *11 n.5 (E.D. Va. Feb. 22, 2011). The Court has previously explained:

> In order to properly place the defense of qualified immunity before the Court a defendant:
> > must: (1) identify the specific right allegedly violated; (2) brief, with full pinpoint citation to authority, whether the right was so clearly established as to put a reasonable official on notice of his legal obligations; and (3) describe to the Court the factual scenario supporting the assertion that a reasonable official in Defendant's situation would have believed his conduct was lawful.
>
> *Hogge v. Stephens*, No. 3:09CV582, 2010 WL 3834849, at *7 (E.D. Va. Sept. 24, 2010) (citing *Collinson v. Gott*, 895 F.2d 994, 998 (4th Cir. 1990)).

---

[7] Defendant Fargo cites *United States v. Murphy*, 552 F.3d 405 (4th Cir. 2009), for the proposition that Defendant Fargo's search of Smith's cell phone would not exceed the scope of a permissible warrantless search. *Murphy*, however, presented an entirely different set of circumstances than Smith alleges here. Murphy provided conflicting information to officers about his identify during a traffic stop. *Id.* at 408. Murphy willingly gave the police officers his cell phone and told them about particular information on the phone that could verify his identify. *Id.* On plain error review, the Fourth Circuit affirmed the district court because the initial search of the cell phone occurred "in Murphy's presence and at his direction." *Id.* at 412.
Defendant Fargo also cites a 2009 case from the United States District Court for the Western District of Virginia to suggest that how warrant exceptions relate to cell phones is "an open question." (Mem. Supp. Mot. Dismiss 4–5 (quoting *Newhard v. Borders*, 649 F. Supp. 2d 440, 447 (W.D. Va. 2009)). Defendant Fargo fails to adequately explain how this 2009 case would accurately reflect clearly established rights pertaining to warrantless searches of cell phones in December 2012.

*Id.* Officer Fargo's briefing on qualified immunity is inadequate. Accordingly, Defendants' Motion to Dismiss Claim Two based upon qualified immunity is DENIED. Officer Fargo is free to raise the issue of qualified immunity in a motion for summary judgment.

### B. Fourteenth Amendment

In Claim One, Smith alleges that Defendants unlawfully detained him in the back of a police car for six hours.[8] In Claim Three, Smith argues that Defendants violated his rights by not permitting him water or use of the bathroom during his detention. To the extent Smith seeks to bring a constitutional claim for the infliction of cruel and unusual punishment by Defendants, as a detainee, such a claim is governed by the Fourteenth Amendment. *See Goodman v. Barber*, 539 F. App'x 87, 89 (4th Cir. 2013) (citation omitted). "Due process requires that a pretrial detainee not be punished." *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *see Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). "[N]ot every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin*, 849 F.2d at 870 (citation omitted). Under the Fourteenth Amendment standard, to establish that a particular condition or restriction of his detention "is constitutionally impermissible 'punishment,' the pretrial detainee must show either it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective . . . ." *Id.* (citation omitted); *see Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473–74 (2015) (citation omitted) (explaining that a

---

[8] Smith does not allege facts challenging his initial seizure and detention which is governed by the Fourth Amendment. *Unus v. Kane*, 565 F.3d 103, 119 (4th Cir. 2009) ("It has been consistently recognized that the Fourth Amendment protects a citizen's right to be free from unreasonable seizures."); *Wilkins v. May*, 872 F.2d 190, 192 (7th Cir. 1989). Nevertheless, because the United States Court of Appeals for the Fourth Circuit "has rejected any concept of a continuing seizure rule . . . [o]nce the single act of detaining an individual has been accomplished, the [Fourth] Amendment ceases to apply." *Robles v. Prince George's Cty, Md.*, 302 F.3d 262, 268 (4th Cir. 2002) (citation omitted). Once Smith was arrested, he became a pretrial detainee and the Fourteenth Amendment Due Process Clause governs Smith's claim of continued detention. *Id.* at 269 (citation omitted).

detainee may prevail by "providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose"). "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Bell*, 441 U.S. at 539.

The relevant precedent teaches that "punishment, whether for a convicted inmate or a pretrial detainee, is the product of intentional action, or intentional inaction, respecting known and *substantial* risks of harm." *Westmoreland v. Brown*, 883 F. Supp. 67, 72 (E.D. Va.1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994)). Additionally, "a particular condition constitutes punishment only where it *causes* physical or mental injury." *Id.* at 76. Thus, "[t]o successfully assert a claim of punishment without due process under the Fourteenth Amendment, an inmate must assert not only that the defendant[] w[as] deliberately indifferent to the substantial risk of harm posed by [the challenged condition], but also that this deliberate indifference *caused* a physical or emotional injury." *Id.* "There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." *Bell* 441 U.S. at 539 n.21 (citation omitted) (internal quotation marks omitted). Police officers are not required to provide comfortable conditions of detention for pretrial detainees. *Cf. Tesch v. Cty. of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998) (explaining that "[c]orrectional officials are not required to provide comfortable jails" for pretrial detainees). Instead, the short-term limitation of various freedoms and privileges "are simply part of the general level of discomfort anyone can expect to experience while in custody." *Id.*

With regard to his general claim of unlawful detention, Smith fails to allege facts indicating that Defendants' conduct constituted punishment. Smith fails to allege facts that plausibly suggest the Defendants' decision to detain him in the back of the police car for six

hours was objectively unreasonable. Moreover, Smith fails to assert facts indicating that the Defendants held him with the expressed intent to punish. *See Martin*, 849 F.2d at 870. Instead, at the time Smith alleges the incident occurred, Defendants held Smith as a pretrial detainee, as they clearly were investigating him as a criminal suspect. Defendants' action in confining Smith in the back of the police car was reasonably related to the legitimate police objective of securing a criminal suspect and preventing his escape during their investigation. Smith also fails to allege facts suggesting that he sustained any constitutionally significant injury as a result of being detained by police.[9] Accordingly, Claim One will be DISMISSED.

In Claim Three, Smith argues that Defendants violated his rights by not permitting him water or use of the bathroom during his detention. Smith's unadorned allegation that, "I was denied water and use of the restroom" (Compl. 1) is potentially sufficient to allege a Fourteenth Amendment claim. Nevertheless, Defendants point to no persuasive authority to support the proposition that denying a detainee water and the bathroom for a six-hour period fails to state a Fourteenth Amendment claim. Accordingly, Defendants Motion to Dismiss is DENIED with respect to Claim Three.

---

[9] In the conclusion of his Response, Smith vaguely suggests for the first time that "since, I've had terrible lower back issues from being in the back of that police cruiser for all those hours." (Response 5, ECF No. 21.) Smith fails to allege facts that plausibly suggest that his alleged back pain, three years later, stems from merely sitting in a police car. Thus, Smith's factual allegations are not sufficient to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009)).

## IV. CONCLUSION

Accordingly, Defendants' Motion to Dismiss (ECF No. 13) will be GRANTED with respect to Claim One. The Motion to Dismiss will be DENIED with respect to Claims Two and Three.

An appropriate Order will accompany this Memorandum Opinion.

Date: 10-16-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

10